Sreed, J.,
delivered tbe opinion of tbe court:
A deed of trust executed by one R. M. Denning, a merchant at Kingston, on tbe 29th of December, 1865, by which he conveyed to his trustee his stock of goods, with *34 all notes, credits, and accounts, for -the benefit of creditors. The conveyance was attacked by certain of the creditors, the property attached, and the defendant, Jas. F. Shelley, then clerk and master, was appointed receiver, and took charge of the property to close out the stock, and wind up the concern, uaider the order of the chancellor. He gave a bond as receiver, in the sum of five thousand dollars, and the defendants, Langley and Hood, signed the bond as securities, with one Thos. J. Burris as a security. The bond recites that “we, Jas. T. Shelley, Isham Fritz, Ephraim Langley, John Hood, and Thomas J. Burris, are held and firmly bound, etc.,” and is signed by Shelley, Langley, Hood, and Burris, there being a blank left for the signature of Fritz, with a scroll opposite. -
There can be no- question upon the proof that the defendant Shelley, obtained the signatures of Langley and Hood upon the express understanding that Fritz was to become bound with them, he being considered solvent, and Burris insolvent. We think it clearly established that said defendants made the signature of Fritz a condition precedent, that they were not to be considered as sureties until Fritz had signed the bond, and this Shelley assured and promised them should be done, otherwise these signatures were to be considered as not binding upon them. The bond was never acknowledged in open court, and was taken charge of by Shelley, who proceeded in the discharge of his trust as receiver. In the course of his administration of said receivership, the original bargainor in the deed of trust, B. M. Henning, effected a compromise, with all his creditors, and the complainant, B. M. Byrd, became surety for the faithful performance of the conditions of the compromise, upon condition that he should be indemnified by a transfer to him, by all the parties in interest, of all the assets of Henning in the hands of said receiver, which was accordingly done. It turns out that Bryd had to pay the compromise debts, and he thereupon filed his bill against *35 Shelley and his sureties, to hold them responsible for the assets that went into the hands of Shelley, much of which, it is alleged, Shelley had wasted. The defendants, Langley and Hood, set up the defense of non edt factum, predicated upon the facts as hereinbefore detailed.
The chancellor rendered a decree against Shelley for the amount ascertained upon account to- be due, but dismissed the bill as to Langley and H«od. It is an elementary principle in our law that parties upon whom a liability is sought to be fixed, under such circumstances, are entitled to relief, and will be relieved, either at law or in equity, upon the defense of non est factum. [Perry v. Patterson], 5 Hum., 133; [Quarles v. Governor], 10 Hum., 122; [Majors v. McNeilly], 7 Heis., 294. In this particular case, it is immaterial to inquire whether the defense is in the nature of a special plea of non est factum,, and not a general plea. Wherever the burden of proof may be, the defendants have unquestionably made good their defense, and are entitled to be relieved, unless, as argued for the complainant, they are to be held bound under the statute, which estops the obligor and his sureties in certain cases, from denying the validity and legality of their bond. Code, sec. 774.
We hold that the statute has no application to a case like this. The very question at issue in this case is whether these parties are, in fact, securities or not, and whether or not they have executed a bond, and we have determined that they are not securities, and that no bond has, in fact, been executed by them.
Let the decree be affirmed.